Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EDGARDO VAN RHYN SOLER<br><br>Apelante<br><br>v.<br><br>MULTINATIONAL LIFE INSURANCE CO.<br><br>Apelada | KLAN202500179 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.:<br>K PE2014-0524 (807)<br><br>Sobre:<br>Despido Injustificado |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Rodríguez Flores y la Juez Barresi Ramos.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de mayo de 2025.

El 4 de marzo de 2025, el señor Edgardo Van Rhyn Soler, en adelante el apelante o Van Rhyn Soler, presentó este recurso de apelación. Mediante su recurso nos solicita la revocación de una Sentencia emitida por el Tribunal de Primera Instancia (TPI) el 14 de febrero del 2025, notificada el 20 del mismo mes y año. Dicha Sentencia declaró no ha lugar y archivó con perjuicio la demanda de despido injustificado presentada por el apelante en contra de Multinational Life Insurance Co, antes conocida como National Life Insurance Co. Por los fundamentos que explicamos en detalle desestimamos el recurso por incumplimiento con las normas procesales para la perfección de este; explicamos.

**I**

Como anticipamos, el 4 de marzo de 2025, Van Rhyn Soler presentó la apelación. Ese mismo día, presentó una *Moción solicitando se permita transcribir testimonio de un testigo, a tenor con la regla 76 del Reglamento del Tribunal de Apelaciones.*

---

[1] Debido a la inhibición del Hon. Félix R. Figueroa Cabán se modificó el panel mediante la Orden Administrativa OATA-2025-030.

Número Identificador
SEN2025_____

El 11 de marzo próximo, compareció Multinational Life Insurance Company, en adelante Multinational y, presentó una *Solicitud de desestimación al amparo de la regla 83(B)(2) y/o (C) del reglamento de este Tribunal de Apelaciones*. Señaló que Van Rhyn Soler había incumplido con la notificación del recurso durante las setenta y dos horas siguientes a la presentación de la apelación conforme la regla 14 (B) del reglamento.[2] Afirmó que la regla 83 (B)(2) y (C) del Reglamento facultaban a este foro a desestimar un recurso que no se hubiese perfeccionado conforme la reglamentación. Puntualizó que el Tribunal Supremo ha reiterado que las normas sobre los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados.[3]

Un día después, el apelante presentó un escrito oponiéndose a la desestimación de su recurso. En su moción reconoció que no había notificado el recurso al foro recurrido conforme la norma reglamentaria. No obstante, afirmó que siendo un término de cumplimiento estricto la desestimación no procedía sin más, por no haber causado perjuicio alguno a la otra parte y existir justa causa. Enfatizó que la regla 12.1 del Reglamento del Tribunal de Apelaciones, en adelante el Reglamento, específicamente disponía que: "[l]as disposiciones sobre los requisitos de notificación a las partes y al tribunal, y los de forma dispuestos en el Reglamento del Tribunal de Apelaciones de 1996, en las Reglas de Procedimiento Civil, en las Reglas de Procedimiento Criminal para los recursos de

---

[2] Regla 14 — Presentación y notificación
...
(B) De presentarse el original del recurso de apelación de modo físico en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.
4LPRA Ap. XXII-B.
[3] Pérez Soto v. Cantera Pérez Inc., et al, 188 DPR 98, 104-105 (2013); Lugo v. Suárez, 165 DPR 729, 737 (2005).

apelación, certiorari y de revisión judicial, deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos. Por causa debidamente justificada, el Tribunal de Apelaciones deberá proveer una oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes." En su defensa nos llamó la atención a que el Tribunal Supremo de Puerto Rico (TSPR) ha dispuesto que la parte que actúa tardíamente debe presentar las circunstancias específicas que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto.[4] Sostuvo que constantemente el TSPR ha rechazado la aplicación e interpretación restrictiva del Reglamento en aras de que los casos puedan ser atendidos en sus méritos.[5] Así destacan que el término de cumplimiento estricto no está atado al automatismo que conlleva un término jurisdiccional pudiendo este foro extender el mismo según lo ameriten las circunstancias.[6] Entonces explicó que el 12 de marzo subsanó "el incumplimiento con la Regla 14 del Reglamento de este Honorable Tribunal, el cual fue producto de la inadvertencia de la representación legal del Querellante-Apelante, al enviar al TPI copia ponchada del Recurso Apelativo mediante Moción." Aunque señaló que acompañó dicha Moción como Anejo 4, no encontramos la misma con el escrito. No obstante, si encontramos una declaración jurada de la licenciada Yesenia M. Varela Colón en la cual señaló como justa causa para el incumplimiento las razones siguientes:

A) Que el término para presentar la apelación era de solo 10 días, lo que demandó esfuerzos extraordinarios para cumplir con el trámite dentro del término establecido y, a la vez, atender otros compromisos judiciales previamente calendarizados.

B) Que la situación coincidió con un fin de semana largo y con la ausencia de su secretaria, quien se encontraba disfrutando de unas vacaciones previamente concedidas, lo que limitó significativamente los recursos administrativos con los que

---

[4] Soto Pino v. Uno Radio Group, 189 DPR 84, 92 (2013).
[5] Pérez Soto v. Cantera Pérez Inc., supra, página 109.
[6] Id, páginas 110 a 111.

usualmente contaba para gestionar y corroborar el cumplimiento de todas las gestiones procesales.

Por su parte, Multinational presentó mediante escrito su réplica a los argumentos antes reseñados. Para este las explicaciones del apelante no constituían justa causa sino vaguedades, excusas genéricas sin detalle y planteamientos estereotipados. Aprovechó además para señalar, por primera vez que, el apelante tampoco le había notificado copia de la apelación debidamente ponchada como recibida por secretaría del Tribunal de Apelaciones y numerada. Sostuvo que la omisión ocasionó que tuviera que hacer varias llamadas a secretaría para averiguar la verdadera fecha de presentación del recurso toda vez que en la moción solicitando transcribir el testimonio de un solo testigo se había indicado, incorrectamente que, el recurso se había presentado el 28 de febrero. Pero, sobre todo, enfatizó que el Apelante excluyó, a sabiendas, una cantidad que describió como extraordinaria, de escritos, documentos y evidencia incluyendo alguna de la cual el foro primario tomó conocimiento judicial en el juicio en su fondo. Dicha prueba, la cual señaló, no le convenía al apelante, alegó había sido presentada en la Moción Conjunta en Cumplimiento de Orden, por ambas partes, el 22 de noviembre de 2024. A tales efectos, Multinational puntualizó que no se trataba de una inadvertencia, ni compromisos previos calendarizados, ni la ausencia de la secretaria, sino de una conducta muy seria del apelante que dejaba mucho que desear pues a sabiendas había omitido documentación relevante que fue parte de los trámites del juicio en su fondo. Como parte de su escrito detalló decenas de documentos alegadamente omitidos. Así, explicó que parte de la documentación excluida demostraba que no estábamos ante un caso de un empleado que había sido víctima de conducta impropia por parte de su patrono. Todo lo contrario, sostuvo que el apelante era un ejecutivo y comerciante sofisticado, de alto nivel de educación con larga experiencia y trayectoria

profesional que en su vida había optado por utilizar sus conocimientos para soslayar la ley, inclusive siendo acusado en el 2016 por el Gran Jurado del Tribunal Federal del Distrito de Puerto Rico y convicto conforme a una alegación pre-acordada. Precisó que la documentación que faltaba del apéndice, precisamente se relacionaba a dicha convicción.

Van Rhyn Soler replicó. Reiteró que demostró justa causa para incumplir con el requisito de la notificación al foro recurrido. Además, y sobre los documentos que según Mutinational se omitieron, señaló que tales documentos de procesos judiciales y administrativos no fueron admitidos por el foro recurrido. El apelante argumentó, que lo que buscaba Multinational era desvirtuar la controversia y presentar una imagen suya distorsionada para justificar las actuaciones arbitrarias y caprichosas que imperaron durante el despido.

En respuesta sobre la admisión por el foro recurrido de los documentos de los cuales se tomó conocimiento judicial y que fueron omitidos como parte del apéndice del recurso de apelación, Multinational acompañó una Moción Conjunta sometiendo los documentos del 22 de noviembre de 2024 así como la orden del TPI que dio por recibidos dichos documentos.

Contando con el beneficio de la postura de ambas partes, desestimamos el recurso por incumplimiento con las normas para el perfeccionamiento de este, explicamos.

**II**

La marcha ordenada y efectiva de los procedimientos judiciales es un imperativo de nuestro ordenamiento jurídico. Así se ha establecido que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. En ese sentido, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente. *Freire Ruiz v. Morales Román,* 2024 TSPR

129 (2024); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987).

El cumplimiento de las normas reglamentarias no obedece a un antojo de los foros judiciales, sino que es una norma necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Los requisitos de notificación son imperativos ya que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. Ante ello, hemos requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias. *Freire Ruiz v. Morales Román, supra; Soto Pino v. Uno Radio Group,* supra, pág. 90-91; *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); Arriaga v. F.S.E., 145 DPR 122, 130 (1998); *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975).

Ahora bien y, en cuanto a la notificación del recurso apelativo al foro recurrido no hay duda alguna que el termino es uno de cumplimiento estricto. Se ha reconocido que el foro apelativo no goza de discreción para prorrogar tales términos automáticamente y la parte que actúa tardíamente debe hacer constar las *circunstancias específicas* que ameriten reconocerse como justa causa para prorrogar un término de cumplimiento estricto. *Freire Ruiz v. Morales Román,* supra; *Soto Pino v. Uno Radio Group*, supra, pág. 92; *Rojas v. Axtmayer Ent., Inc.,* supra, pág. 564; *Arriaga v. F.S.E*, supra, pág. 131; *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657 (1997).

Sobre la acreditación de justa causa se ha enfatizado la importancia de estas para el derecho apelativo advirtiendo las consecuencias de permitir que se convierta en un juego de mero

automatismo en el que los abogados conjuren excusas genéricas, carentes de detalles en cuanto a las circunstancias particulares que causaron la tardanza y lo que eso conllevaría para el ordenamiento jurídico. De esa manera, se convertirían los términos reglamentarios en metas amorfas que cualquier parte podría postergar. *Rosario Domínguez v. ELA,* 198 DPR 197, 211 (2017); *Soto Pino v. Uno Radio Group,* supra, pág. 93. Sería, en tal desorden, prácticamente imposible cumplir con nuestro objetivo de lograr el manejo de casos de forma efectiva y rápida si permitiéramos a cada parte cumplir livianamente o meramente incumplir con las normas que dirigen los procesos.4 LPRA 24 (a). De permitirse la modificación abusiva de estos términos, se perturbaría el orden lógico y armonioso de las etapas de un litigio y desestabilizaría nuestro ensamblaje procesal. *Rosario Domínguez v. ELA*, supra, 212. Por tal razón, la acreditación de justa causa se hace con explicaciones concretas y particulares — debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. *Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 172 (2016); *Soto Pino v. Uno Radio Group*, supra, pág. 93;  *Febles v. Romar*, 159 DPR 714, 720 (2003).

Así las cosas, son *dos* los criterios que se deben justipreciar para determinar si se acepta la inobservancia de un requisito de cumplimento estricto. Primero que, *en efecto exista justa causa para la dilación y, segundo que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida". Freire Ruiz v. Morales Román,* supra; *Soto Pino v. Uno Radio Group,* supra, pág. 93; *Arriaga v. F.S.E.*, supra, pág. 132. *En ausencia de alguna de estas dos condiciones, los tribunales carecen*

*de discreción para prorrogar términos de cumplimiento estricto. Soto Pino v. Uno Radio Group*, supra, pág. 93. La evaluación de lo que constituye justa causa es un elemento que ha de evaluarse caso a caso. Al justipreciar las razones, el juzgador debe llevar a cabo un análisis cuidadoso de las explicaciones que demuestren el incumplimiento y de la evidencia que lo sustenta. *Rivera Marcucci v. Suiza Dairy*, supra.

Ahora bien, precisa enfatizar que, el que la notificación tardía o el acto tardío no le haya causado perjuicio indebido a la otra parte no es determinante al momento de examinar la existencia de una justa causa. Si los tribunales fueran a aceptar esa excusa sin más, los términos de cumplimiento estricto se convertirían en un mero formalismo, derrotado fácilmente. *Freire Ruíz v. Morales Román*, supra*; Rosario Domínguez v. ELA*, supra. pág. 211; *Soto Pino v. Uno Radio Group*, supra, pág. 95. Además, es un deber acreditar la existencia de justa causa, *incluso antes de que un tribunal se lo requiera*, si no se observa un término de cumplimiento estricto. *Soto Pino v. Uno Radio Group*, supra, pág. 97.

**III**

Ahora bien, como punto de partida en nuestro análisis debemos analizar si existió justa causa. Hemos de revisar si se presentaron explicaciones concretas y particulares, las cuales se acompañaron con evidencia que permitan concluir que verdaderamente existió justa causa. Entonces, recordemos que el apelante señaló que el término apelativo era corto, de apenas 10 días, que tuvo que hacer esfuerzos extraordinarios para atender compromisos judiciales previos y que todo esto coincidió con las vacaciones de su secretaria quien se encarga típicamente de estos asuntos procesales. Advertimos que no acompañó evidencia alguna para sustentar sus argumentos. Ciertamente estas explicaciones no cumplen con el criterio de justa causa. Fue una decisión propia del

apelante presentar su reclamación a través del trámite sumario conociendo que el carácter especial del proceso sumario, precisamente en protección del empleado son, entre otros, los términos breves para la presentación de escritos, circunstancia que no debió haberle tomado por sorpresa. De otra parte, los múltiples compromisos judiciales es una circunstancia no sorpresiva en control de la parte quien dispone su carga de trabajo. Advertimos que sólo se argumentó la gran carga de trabajo sin especificar la misma. Sobre las vacaciones de la secretaria, ciertamente no constituye justa causa; estas son planificadas bajo el absoluto control de la representación legal de la parte apelante. A nuestro entender los argumentos del apelante constituyen excusas sin sustento.

En otro orden de cosas, la regla 16 (E) del Reglamento dispone que en casos civiles el escrito de apelación incluirá, entre otros, un Apéndice que contendrá una copia literal de: (a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones; (b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma; (c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden; (d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste; (e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la

controversia. (2) El Tribunal de Apelaciones, a petición de la parte apelante en el escrito de apelación, en moción o motu proprio, podrá permitir a la parte apelante la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de la presentación del escrito de apelación, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos. La omisión de incluir los documentos del Apéndice no será causa automática de desestimación del recurso. De no autorizarse por el Tribunal de Apelaciones la presentación de los referidos documentos dentro del término antes indicado, tal omisión podría dar lugar a la desestimación del recurso. 4 LPRA Ap. XXII-B, Reg. 16.

A pesar de que el recurso de apelación se presentó el 4 de marzo, no es hasta el 13 de marzo que por conducto de Multinational este foro adviene en conocimiento de que el apéndice está incompleto. Nótese que el presente recurso por su antigüedad no se ha procesado a través del Sistema Unificado de Administración y Manejo de Casos (SUMAC). Multinational sostuvo que, a sabiendas se había omitido documentación relevante que fue parte de los trámites del juicio en su fondo. A lo cual Van Rhyn Soler replicó que los documentos omitidos tenían que ver con procesos judiciales y administrativos que no fueron admitidos por el foro recurrido y que lo que perseguía Multinational era desvirtuar la controversia y distorsionar su imagen para justificar las actuaciones arbitrarias y caprichosas que imperaron durante el despido.

Estamos consciente de que la norma general es en contra de la desestimación automática de un recurso por la omisión de documentos en el Apéndice. Además, la Regla 12.1 del Reglamento dispone que el tribunal dará oportunidad a las partes de corregir cualquier defecto de forma. No obstante, estamos ante una situación

de hechos distinta. Es Multinational quien notifica a este foro que el apéndice omite documentos pertinentes que fueron parte de la prueba ante el TPI. El apelante por su parte lo niega, no ha ofrecido presentar la prueba, sino que niega que el foro recurrido la tuviera ante su consideración. Un simple examen de la Sentencia emitida por el foro primario revela que las partes solicitaron que se tomara conocimiento judicial de 55 documentos de procesos judiciales y administrativos y que conforme la orden del tribunal, ambas partes presentaron mediante moción conjunta el 22 de noviembre de 2024 los mismos. De hecho el foro recurrido en su Sentencia sostuvo y citamos "[p]or el volumen de los documentos judiciales del enjambre litigioso entre las partes que estas sometieron ante nuestra consideración para que tomáramos conocimiento judicial, fue imposible emitir la sentencia en el plazo dispuesto en 32 LPRA sec. 3126."[7] Ahora bien, de igual manera hemos de puntualizar que en su Sentencia el foro recurrido consignó que "las pruebas traídas por la parte Querellada para atacar la reputación del Querellante o explicar las razones por las cuales las partes dejaron de hacer negocios con posterioridad a la renuncia de Van Rhyn son impertinentes al asunto ante la consideración del tribunal: si hubo o no despido constructivo."[8]

Ciertamente, el apelante no intenta de manera alguna explicar las razones para omitir los documentos de la moción conjunta del 22 de noviembre, más bien sostiene que el foro recurrido no los admitió. Esta aseveración no encuentra apoyo en la sentencia emitida. Como adelantamos el foro recurrido reconoció que se presentó la prueba, que la revisión de esta impidió que emitiera la sentencia conforme el término dispuesto en ley y que las encontró

---

[7] Véase Sentencia, apéndice del recurso, pagina 2.
[8] Véase Sentencia, apéndice del recurso, página10.

impertinentes para la solución de la controversia. Ciertamente son documentos que se debieron haber hecho parte del apéndice.

Por último, Multinational sostuvo que el apelante incumplió con la notificación a la parte conforme la regla 13 (B) (2) del Reglamento toda vez que le notificó la apelación sin el ponche de la fecha y hora de su presentación ante la secretaría de este foro. La regla antes citada en lo pertinente dispone que: [l]a parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. El apelado sostuvo que la omisión del apelante lo obligó a dedicar su tiempo a averiguar la fecha de presentación, fecha que incide en los términos para contestar.

La falta de notificación adecuada al foro recurrido, la omisión de documentos del apéndice y la notificación a la parte de una copia sin el ponche de recibo de la secretaría de este foro, así como la inexistencia de justa causa nos priva de jurisdicción por no haber perfeccionado el recurso e impide ejercer nuestra función revisora. Por lo que, conforme la regla 83 del Reglamento desestimamos el recurso por carecer de jurisdicción.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones